MDR

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Zion Z. Kauffman,

Plaintiff,

v.

Mohave County, et al.,

Defendants.

No.    CV-23-08030-PCT-JAT (JZB)

**ORDER**

Self-represented Plaintiff Zion Z. Kauffman is confined in the Arizona State Prison Complex-Lewis and proceeding in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.  In an August 30, 2023 Order, the Court dismissed Plaintiff's Second Amended Complaint[1] because Plaintiff had failed to state a claim and gave him an opportunity to file an amended complaint that cured the deficiencies identified in the Order.

On September 26, 2023, Plaintiff filed a Third Amended Complaint (Doc. 23).  He then filed Motions (Docs. 24, 25, 26, 27, 29, and 30) seeking to update his address, obtain subpoenas, obtain copies, receive caselaw, and add defendants, claims, and documents. The Clerk of Court lodged the subpoenas Plaintiff sought to have the Court issue.  *See* Docs. 28 and 31.  The Court will dismiss the Third Amended Complaint with leave to amend and will deny the Motions.

---

[1] Plaintiff filed the Second Amended Complaint before the Court had an opportunity to review the original Complaint and First Amended Complaint.  Thus, the Court only screened the Second Amended Complaint, not the original and First Amended Complaints.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("an amended pleading supersedes the original pleading").

JDDL-K

## I.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

1  If the Court determines that a pleading could be cured by the allegation of other

2  facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

3  of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).  The

4  Court will dismiss Plaintiff's Third Amended Complaint for failure to state a claim, with

5  leave to amend because it may possibly be amended to state a claim.

6  **II.     Third Amended Complaint**

7  In his three-count Third Amended Complaint, Plaintiff sues Arizona Department of

8  Corrections, Rehabilitation & Re-entry (ADC) Director Ryan Thornell and Correctional

9  Officer IV Savila.  He raises claims under the Americans with Disabilities Act (ADA) and

10  seeks monetary damages and injunctive relief.

11  In **Count One**, Plaintiff alleges that between March 29 and September 22, 2023, he

12  was seen by nurse practitioners at three different units and requested special needs orders

13  for a lower bunk on a lower tier and blankets he needs because he has scoliosis, a

14  "[qua]lified disability under the ADA."  He claims "unreasonable refuses to provide MRH"

15  with the special needs orders and ADC is denying "M.R." "reasonable accomm[o]dation."

16  Plaintiff asserts that every time he climbs or descends the ladder to his bunk, he experiences

17  severe pain, loses his balance, and "fall[s] or almost fall[s] off of the lad[d]er."

18  In **Count Two**, Plaintiff contends he is being denied reasonable accommodations

19  because he is "not being allow[ed] to have [a] special needs order for over[-]the[-]ear

20  headphones for [his] hearing aids."  He asserts this has caused post-traumatic stress

21  disorder, anxiety, stress, and a traumatic brain injury.

22  In **Count Three**, Plaintiff alleges he is being denied a "reasonable needs order for

23  a waiver for mandatory schooling due to not being allow[ed] to have [a] special needs

24  order" for his traumatic brain injury.  He states there is an ADA violation "as to

25  [prescription] eye[]glasses that work."  Plaintiff claims this has caused post-traumatic

26  stress disorder, anxiety, stress, and a traumatic brain injury.

27  . . . .

28  . . . .

**III.    Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

**A.    Defendants Thornell and Savila**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that either Defendant personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff has made no allegations against either Defendant. Thus, the Court will dismiss without prejudice Defendants Thornell and Savila.

**B.    ADA Claims**

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA claim, a plaintiff must demonstrate that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1021 (9th Cir.  2010) (quoting *McGary v. City of Portland,* 386 F.3d 1259, 1265 (9th Cir. 2004)).

Plaintiff's allegations are vague and conclusory and do not support a conclusion he was excluded from participation in or denied the benefits of ADC services, programs, or activities or was otherwise discriminated against *because of his disability*.  Thus, the Court will dismiss Plaintiff's ADA claims.

**IV.     Leave to Amend**

Within 30 days, Plaintiff may submit a fourth amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a fourth amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the fourth amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Fourth Amended Complaint."  The fourth amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or prior Amended Complaints by reference.  Plaintiff may include only one claim per count.

A fourth amended complaint supersedes the original Complaint and prior Amended Complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and prior Amended Complaints as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or prior Amended Complaints and that was voluntarily dismissed or was dismissed without

prejudice is waived if it is not alleged in a fourth amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.     Motions**

In his pending Motions, Plaintiff seeks to update his address, obtain subpoenas, obtain copies, receive caselaw, and add defendants, claims, and documents.

First, Plaintiff is advised that he **may not file a single pleading with more than one case number on it.**  If Plaintiff wants the Court to take action in more than one case, he must file a separate original pleading with the appropriate case number **in each case**.  **If Plaintiff fails to comply with this requirement in the future, the Court will strike the pleading and will take no action on it**.

Second, as to Plaintiff's requests to update his address, the Court will deny as moot his requests because the Clerk of Court has already updated his address.  Moreover, his requests to update his address also seek other relief.  In each Order the Court has sent to Plaintiff, the Court has informed him that, if his address changes, "Plaintiff must file and serve a **notice of a change of address** in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a **motion for other relief** with a notice of change of address."  (Emphasis added.)

Third, to the extent Plaintiff wants to add defendants or claims, filing a motion is not the proper method for amending a pleading or adding a party.  Instead, Plaintiff must file an amended complaint.  Thus, the Court will deny the portions of Plaintiff's Motions that seek to add claims or defendants.  If Plaintiff files a fourth amended complaint, he should include all claims he intends to bring and should identify all defendants he is suing.  **If Plaintiff files additional motions seeking to name defendants and raise new claims, the Court will summarily deny the motions**.

Fourth, to the extent Plaintiff wants to include in the record the documents attached to his Motions, the Court will deny as moot these requests.  These documents are part of the record.  Moreover, Plaintiff should note that the instructions included with the court-approved complaint form specifically state: "You should not submit exhibits with the

complaint or amended complaint. Instead, the relevant information should be paraphrased. You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial."

Fifth, the Court will deny Plaintiff's requests for subpoenas because his subpoenas are specious, premature discovery requests, or both.[2] If Plaintiff files a fourth amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A. If the Court determines an answer is required, the Court will direct the Clerk of Court to send Plaintiff a service packet containing summonses and request for waiver forms for Plaintiff to complete and return to the Court. If Plaintiff returns those forms to the Court, the Court will direct the United States Marshal to notify Defendants of the commencement of the action, request waiver of service of the summonses, and serve Defendants if they do not waive service. *After* one or more Defendants have been served, the Court will issue a scheduling order setting discovery deadlines.

Sixth, to the extent Plaintiff is requesting the Court send him caselaw, the Court will deny his request. The Court does not provide legal research and copy services for litigants.

Finally, to the extent Plaintiff is seeking copies of documents and his subpoenas, the Court will deny his request. Plaintiff has no right to free copies of pleadings. *See In Re Richard*, 914 F.2d 1526, 127 (6th Cir. 1990) (28 U.S.C. § 1915 "does not give a litigant a right to have documents copied and returned to him at government expense"). The Clerk of Court charges 50 cents per page for reproducing any record or paper. *See* Judicial Conference Schedule of Fees 4, foll. 28 U.S.C. § 1914. The Clerk of Court will provide

---

[2] Plaintiff seeks subpoenas requiring action from "Green Dot," "V records," the Consulate General of Mexico, NaphCare, "Mohave Co. Indigent Defense," ADC, and the Arizona Supreme Court, Governor, Secretary of State, and Board of Executive Clemency; and documents from NaphCare, the Lower Buckeye Jail, the Mohave County Sheriff's Office, the Mohave County Jail, "Mohave Co. Indigent Defense," the Mohave County Superior Court, the Social Security Administration, the Motor Vehicle Department, the Internal Revenue Service, Sunrise Medical Center, Kingman Regional Medical Center, United Healthcare, Mohave Mental Health Clinic, AT&T, Verizon, T-Mobile, Equifax, Experian, TransUnion, "Ashley and McPhillips," and Barnes & Noble. *See* Docs. 28 and 31.

Plaintiff with copies of documents only upon receipt of a written request accompanied by payment of the 50 cents per page copy fee.

**VI.    Warnings**

    **A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  **Plaintiff must not include a motion for other relief with a notice of change of address**.  Failure to comply may result in dismissal of this action.

    **C.    Possible "Strike"**

Because the Court dismissed the Third Amended Complaint for failure to state a claim, if Plaintiff fails to file a fourth amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

    **D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff is precluded from filing a single pleading with more than one case number on it.  **If Plaintiff fails to comply with this requirement, the Court will strike the pleading and will take no action on it**.

(2)     The Third Amended Complaint (Doc. 23) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a fourth amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file a fourth amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(4)     Plaintiff's Motions (Docs. 24, 25, 26, 27, 29, and 30) are **denied**.

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 22nd day of January, 2024.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

Phoenix & Prescott Divisions:        **OR**        Tucson Division:
U.S. District Court Clerk                                      U.S. District Court Clerk
U.S. Courthouse, Suite 130                               U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10             405 West Congress Street
Phoenix, Arizona   85003-2119                         Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
       A certificate of service should be in the following form:

       I hereby certify that a copy of the foregoing document was mailed
       this _____ (month, day, year) to:
       Name:   _____
       Address:_____
                     Attorney for Defendant(s)

       _____
       (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.  Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
                    (To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**


☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The  first  Defendant  is  employed
as: _____ at_____.
(Position and Title)                                                           (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at_____.
(Position and Title)                                                           (Institution)

3.   Name of third Defendant: _____.   The  third  Defendant  is  employed
as: _____ at_____.
(Position and Title)                                                           (Institution)

4.   Name of fourth Defendant: _____.   The  fourth  Defendant  is  employed
as: _____ at_____.
(Position and Title)                                                           (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
          _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                    ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                           ☐ Yes      ☐ No
b.   Did you submit a request for administrative relief on Count I?               ☐ Yes      ☐ No
c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes      ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail             ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes      ☐ No
b.   Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count III to the highest level?      ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                            DATE                                            SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.